This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              NO. 35,924

**FRANCES G. OCHOA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals her convictions for shoplifting (over $500) and conspiracy

to shoplift. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded that our calendar notice was incorrect, we affirm the district court judgment and sentence.

{2}     Defendant continues to challenges the sufficiency of the evidence to support her convictions for shoplifting (over $500) and conspiracy to shoplift (over $500). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations  omitted).

{3}     In order to convict Defendant of these two offenses, the evidence had to show that Defendant took merchandise valued over $500 without intending to pay for it, and acted in concert with another individual who also agreed to participate in the shoplifting. [RP 116, 118] Here, the State presented evidence through the testimony of a witness and a video that indicated Defendant and a man went through a self-checkout together, and  Defendant placed some of the items in the bag without them being scanned by herself or the other individual. [MIO 1; DS 3] Among the items that was not scanned was an expensive baby monitor. [MIO 1; DS 3] Defendant admitted

her plan to take some of the items, but she denied an intent to take the baby monitor. [MIO 2; DS 3] The jury, sitting as fact-finder, was free to reject Defendant's claim that she did not intend to steal the baby monitor. [MIO 5] *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events). The jury could also reasonably infer that Defendant and the other individual conspired to go through the self-check out lane without paying for some of the items. *See State v. Gallegos*, 2011-NMSC-027, ¶ 45, 149 N.M. 704, 254 P.3d 655 (noting that conspiracy is a clandestine crime, and a jury may infer the existence of an agreement based on conduct and the surrounding circumstances).

{4}    For the reasons set forth above, we affirm.

{5}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**JULIE J. VARGAS, Judge**